# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| KENNETH TAYLOR | CIVIL ACTION NO. 24-0882 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| STATE FARM FIRE & CASUALTY CO. | MAGISTRATE JUDGE HORNSBY |

## <u>ORDER</u>

Kenneth Taylor ("Taylor") filed a lawsuit against his insurer, State Farm Fire & Casualty Co. ("State Farm"), for breach of contract and bad faith. Record Document 1. Taylor's home flooded after a pipe in his attic froze, thawed, and burst. He alleges that State Farm then denied his insurance claim arbitrarily, capriciously, and without probable cause. *Id.* at 5. State Farm has based its denial, in part, on a telephone call between Taylor and one of its representatives. *See, e.g.*, Record Document 24-1 at 7 ("During the initial investigation, State Farm received information from [Taylor] indicating that the thermostat should have been set at zero degrees as [Taylor] was out of town and had everything turned off.").

During discovery, Taylor demanded a copy of any recordings State Farm made, including any recording of the telephone call that supposedly supported the denial of his claim. *See* Record Document 35-3 at 2-4. State Farm responded with general objections and a reference to its claim file. *Id.* Notably, State Farm did not aver in its discovery responses that no such recording existed. *See generally id.*

1

State Farm has now filed a motion in limine to exclude from trial any testimony or questioning about the existence of such a recording. Record Document 35-1. In its motion, State Farm asserts, albeit without citation or supporting affidavit, that "[t]he call between Plaintiff and [State Farm's representative] on January 20, 2024 was not recorded." *Id.* at 3. Yet State Farm does not explain why the call was not recorded, or whether the absence of a recording reflects a policy or an equipment malfunction. *See generally id.* Nor does State Farm cite any legal authority beyond the general rule that district courts may "preclude the introduction of evidence so highly prejudicial that a timely objection or motion to strike cannot overcome its prejudicial effect on the fact finder's mind." *Id.* (citing *Vaughn v. Hobby Lobby Stores, Inc.*, 539 F. Supp. 3d 577, 582 (W.D. La. 2021) (Doughty, J.)).

Probing whether a recording of the call exists is not unduly prejudicial. Fed. R. Evid. 403. The call is highly relevant. Indeed, it forms a significant part of State Farm's basis for denying Taylor's claim. Counsel disclaimed the recording's existence in briefing, but State Farm produced no affidavit from an appropriate representative addressing its recordkeeping practices, including why such critical evidence was not recorded. Having chosen to rely on the call to deny Taylor's claim, State Farm cannot hide behind its generalized discovery objections and argument of counsel to foreclose an inquiry into the recording's existence.

Considering the foregoing,

**IT IS ORDERED** that the Motion in Limine, Record Document 35, is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 25th day of June, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE